NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE CALAN, | CIVIL ACTION NO. 16-9008 (JLL) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| CITY OF JERSEY CITY, et al., | |
| Defendants. | |

**LINARES, District Judge**

## BACKGROUND

The *pro se* plaintiff, Jorge Calan, brought this action in state court on September 29, 2016, pursuant to 42 U.S.C. § 1983 (hereinafter, "Section 1983") and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 (hereinafter, "the NJCRA") against the following defendants: (1) the City of Jersey City; (2) City of Jersey City police detective Alexander Rivera; and (3) the Hudson County Prosecutor's Office (hereinafter, "the HCPO"). The Court notes that the plaintiff has not named an individual prosecutor, and has named only the HCPO itself.

The plaintiff alleges that the defendants violated his rights under the federal constitution and the New Jersey constitution by: (1) securing an indictment in 2010 for a murder charge against him based upon fabricated evidence, and then maliciously

prosecuting him in New Jersey state court on that charge, for which he was ultimately acquitted on October 2, 2014; and (2) holding him in jail for four years while he awaited trial. (See dkt. 1 through dkt. 1-3.)[1]

The defendants removed this action from state court pursuant to the Court's original federal jurisdiction. See 28 U.S.C. §§ 1331, 1441. The City of Jersey City and Rivera now move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss the plaintiff's claims that are asserted against them. (See dkt. 15 through dkt. 15-13; dkt. 18; dkt. 18-1; dkt. 18-2.) The HCPO separately moves pursuant to Rule 12(b)(6) to dismiss the plaintiff's claims that are asserted against it. (See dkt. 14 through dkt. 14-5.) The plaintiff has not filed any response to these two pending motions to dismiss.[2]

The Court resolves the two motions to dismiss upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court grants both motions.

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

[2] The defendants had previously filed motions to dismiss the complaint. (See dkt. 6; dkt. 9.) The previous motions were administratively terminated without prejudice, because the Court was concerned that the defendants had served the *pro se* plaintiff at the incorrect address. (See dkt. 12.) However, the defendants have now demonstrated to the Court's satisfaction that the two current motions to dismiss have been properly served upon the plaintiff. (See dkt. 14-5; dkt. 15-1; dkt. 18; dkt. 18-1; dkt. 18-2.)

## DISCUSSION

### I. Standards

The Court is guided by the following standards in resolving the two pending motions to dismiss.

#### A. Rule 12(b)(6)

It is not necessary for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Mariotti v. Mariotti Bldg. Prods., Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth the standard; citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; citing Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

#### B. Unopposed Motions To Dismiss

The plaintiff has not opposed the two motions to dismiss that are pending at bar. However, the Court must still address both of those motions to dismiss on the merits even if they are unopposed. See Jones v. Unemployment Compensation Bd. of Review, 381 Fed.Appx. 187, 189 (3d Cir. 2010); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

#### C. Liberal Construction Of *Pro Se* Pleadings

The Court, in addressing the two instant motions: (1) construed the *pro se* plaintiff's claims liberally; and (2) accepted all of the plaintiff's factual allegations as true, construed the claims in the light most favorable to the plaintiff, and considered

3

whether the plaintiff may be entitled to relief in federal court under any reasonable reading of those claims. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Iqbal, Twombly, Erickson v. Pardus, 551 U.S. 89 (2007), and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).

### D. Section 1983 and the NJCRA

"Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." Manuel v. City of Joliet, Ill., No. 14-9496, 2017 WL 1050976, at *3 (U.S. Mar. 21, 2017) (citations and internal quotation marks omitted).

The NJCRA does the same for the federal constitution, as well as for the New Jersey constitution. See N.J.S.A. 10:6-2(c) (stating that "[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief"). As a result, "[t]he NJCRA is interpreted as analogous to § 1983," Szemple v. Correctional Med. Servs., Inc., 493 Fed.Appx. 238, 241 (3d Cir. 2012), and a court "will analyze . . . NJCRA claims through the lens of § 1983." Trafton v. City of Woodbury, 799 F.Supp.2d 417, 444 (D.N.J. 2011); see Estate

of Martin v. U.S. Marshals Serv. Agents, 649 Fed.Appx. 239, 245 n.4 (3d Cir. 2016) (holding that "it appears undisputed that Plaintiffs' claims under the New Jersey Constitution and the New Jersey Civil Rights Act trigger the same legal elements and principles as . . . [the] federal causes of action [under Section 1983]"). Thus, the Court's analysis of the plaintiff's Section 1983 claims also applies to the plaintiff's NJCRA claims in this case.

## II. The HCPO

Section 1983 and the NJCRA both enable a plaintiff to bring a civil action only against a "person" who causes a deprivation of federal and state constitutional rights under the color of state law. It is well-settled law that the prosecutor's office of a New Jersey county, such as the HCPO in this instance, is not a "person" subject to liability under Section 1983 or the NJCRA, particularly when that office is fulfilling its law enforcement and investigative roles. See Mikhaeil v. Santos, 646 Fed.Appx. 158, 161 (3d Cir. 2016) (dismissing the claims brought against the HCPO), cert. denied, 2017 WL 737872 (U.S. Feb. 27, 2017); see Estate of Lagano v. Bergen County Prosecutor's Office, 769 F.3d 850, 854–55 (3d Cir. 2014); Wilson v. Somerset County Prosecutor's Office, No. 15-6035, 2016 WL 1090811, at *7 (D.N.J. Mar. 21, 2016).

It is also well-settled law that the Eleventh Amendment bars a plaintiff from bringing claims under Section 1983 and the NJCRA against the prosecutor's office of a New Jersey county, such as the HCPO in this instance, when the conduct at issue concerns law enforcement and investigative functions on behalf of the state, because

those kinds of claims are, in effect, brought against the State of New Jersey itself. See Woodyard v. County of Essex, 514 Fed.Appx. 177, 182 (3d Cir. 2013); Hyatt v. County of Passaic, 340 Fed.Appx. 833, 837–38 (3d Cir. 2009); Lopez-Siguenza v. Roddy, No. 13-2005, 2014 WL 1298300, at *7 (D.N.J. Mar. 31, 2014); Endl v. New Jersey, 5 F.Supp.3d 689, 697 (D.N.J. 2014); see also Henry v. Jersey City Police Dep't, No. 14-5480, 2016 WL 1586875, at *5–7 (D.N.J. Apr. 20, 2016) (dismissing the claims brought against the HCPO).

The State of New Jersey has not consented to subject the HCPO to liability for claims brought under Section 1983 or the NJCRA, and the immunity afforded to the HCPO against Section 1983 claims and NJCRA claims has not been abrogated. Therefore, the Court grants the motion by the HCPO for the aforementioned reasons, and dismisses all of the plaintiff's claims that are asserted against it.

Alternatively, the plaintiff's Section 1983 claims and NJCRA claims brought against the HCPO, wherein the plaintiff asserts that the HCPO fabricated evidence and then engaged in a malicious prosecution against him, are dismissible because of the fact that the plaintiff was indicted by the Grand Jury. The issuance of the indictment demonstrates that there was probable cause for the HCPO to proceed with the criminal prosecution against the plaintiff. See Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 251 (3d Cir. 2001); Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 362–63 (3d Cir. 2003). The plaintiff's allegations against the HCPO that are contained in the complaint offer nothing to counter this showing. See Wimbush v. Snyder, No. 13-4654, 2015 WL 4911850, at *6 (D.N.J. Aug. 17, 2015) (in response to the defendant's

argument that an indictment by the Grand Jury demonstrated that there was probable cause to bring a criminal prosecution, the court held that the plaintiff "has nowhere alleged, let alone pointed to facts in the record, that that the indictment was procured by fraud, perjury, or any other corrupt means"). Thus, the Court finds that the motion by the HCPO could be granted on this ground as well.

### III.  City of Jersey City and Rivera

The plaintiff's claims against the City of Jersey City and Rivera must also be dismissed based upon the alternative ground for dismissal of the claims asserted against the HCPO: the claims alleging violations of Section 1983 and the NJCRA based upon allegations of fabricated evidence and malicious prosecution are dismissible due to the fact that the plaintiff was indicted. See Trabal, 269 F.3d at 251; Camiolo, 334 F.3d at 362–63; see also Goodwin v. Conway, 836 F.3d 321, 329 (3d Cir. 2016) (dismissing arrestee's claims that were brought against a police detective, and holding that "an indictment . . . constitutes prima facie evidence of probable cause to prosecute"). Furthermore, the plaintiff's allegations against the City of Jersey City and Rivera that are contained in the complaint offer nothing to counter this showing. See Mozelle v. City of Pleasantville, No. 12-1700, 2012 WL 2945721, at *2 (D.N.J. July 2, 2012) (dismissing a malicious prosecution claim brought under Section 1983 and the NJCRA against a municipality and police officers, because the plaintiff merely "allege[d] that the indictment was based on lies," and offered no other allegations to counter the fact that he was indicted). Therefore, the Court grants the motion by the City of Jersey City and

Rivera for the aforementioned reasons, and dismisses all of the plaintiff's claims that are asserted against them.

The Court notes that Rivera also moved for dismissal based upon qualified immunity. However, the Third Circuit Court of Appeals has "caution[ed] . . . that it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." Newland v. Reehorst, 328 Fed.Appx. 788, 791 n.3 (3d Cir. 2009). Thus, the Court finds that a determination of qualified immunity insofar as it concerns Rivera would be inappropriate at this juncture.

## IV.  All Defendants

The Court also notes in the alternative that the complaint is deficient, because the plaintiff fails to specifically allege the conduct in which each defendant engaged that violated his rights under the federal constitution and the New Jersey constitution. Furthermore, the Court notes that the complaint contains at least one inaccuracy: the plaintiff alleges that he "was wrongfully convicted," when in actuality he was acquitted of the criminal charge against him. (See dkt. 1 at 9.)

As a result, the plaintiff has failed to properly put each defendant on notice as to the allegations against each of them. See Fed.R.Civ.P. 8(a); see also Boseman v. Upper Providence Twp., No. 16-1338, 2017 WL 758480, at *4 (3d Cir. Feb. 27, 2017) (dismissing Section 1983 claims that were based upon a plaintiff's allegations of fabricated evidence in a criminal case, because the plaintiff failed to provide specific

factual allegations to demonstrate a "meaningful connection" between the alleged injury and the use of fabricated evidence). Thus, in the alternative, the Court finds that the entire complaint is dismissible on this ground as well.

## CONCLUSION

For the aforementioned reasons, this Court: (1) grants the motion by the defendants City of Jersey City and Rivera to dismiss the plaintiff's claims that are asserted against them; (2) grants the motion by the defendant Hudson County Prosecutor's Office to dismiss the plaintiff's claims that are asserted against it; and (3) dismisses all of the plaintiff's claims without prejudice.

The Court will enter an appropriate order and judgment.

_____
JOSE L. LINARES
United States District Judge

**Dated:** March _27th_, 2017